**Hector CAMARENA, Plaintiff–Appellant,**

v.

**Mike ADAMS, Warden, USP Lompoc, Defendant–Appellee.**

No. 99–56165.

D.C. No. CV–98–07796–DDP–RC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001[1].

Decided March 29, 2001.

---

17. *See* 21 U.S.C. § 841(b)(1)(C).

18. *United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir.2000).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM [3]

Hector Camarena, a Federal prisoner, appeals pro se the district court's dismissal of his *Bivens* action challenging his classification status with prejudice for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.

Because Camarena does not have a constitutionally protected interest in his classification status in the federal prison system, the district court did not err by dismissing his action for failure to state a claim. *See Butz v. Economou*, 438 U.S. 478, 486, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (describing the nature of a *Bivens* action); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (stating that federal prisoners have no legitimate statutory or constitutional interest in classification status). Insofar as Camarena argues on appeal that his classification status amounted to a significant and atypical deprivation giving rise to a liberty interest, we reject his contention. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996).

AFFIRMED.

---

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.